[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In about March of 1983, the defendant rented certain premises from Furnari Realty for the purposes of running a rental furniture store. The relationships between the defendant and his landlord were apparently friendly and cooperative and he continued in possession of the premises until January, 1991 when his business went bankrupt. At the time the premises were leased the defendant came up with $5,400.00 which was apparently to be security of some kind (no terms were ever put before the court). The account was placed in the defendant's name but the signature card did not contain defendant's signature, only three signatures of members of the Furnari family. All but the first statement were sent to the defendant and the taxes paid on the interest earned was paid by the defendant.
At some time probably near the end of August 1991, the Furnari family went to the bank looking for the escrow and claiming $4,300.00 was due them. Upon investigation the bank learned that the entire escrow account had been closed out and paid over to the defendant. The bank claimed that the defendant had converted the money to his own use by withdrawing the money in four withdrawals as of the dates and amounts put before the court during the trial.
The defendant who was very credible testified that he believed he was present when the account was opened in his name and that he received regular statements from the bank. He acknowledged that the account was established as security for his landlord. At some point substantially prior to the closing of CT Page 4407 the account he called the bank and inquired as to whether he could withdraw the interest from the account. He testified further that the girl at the bank told him that she would find out and call him back. When she did call back he was told that he could draw not only the interest but anything he chose to. At that time he started withdrawing the interest to help pay the rent. He testified that he checked with the bank on a couple more occasions early on and was given the same information. He stated that on several occasions prior to those the bank put into evidence that he withdrew not only the interest but some of the principal and would then let it build up again so that the landlord would have his security. I found his account thoroughly believable and, in fact, it is clearly supported by other evidence as it explains why the final sums withdrawn were not much larger due to accumulated interest.
He in no way denied taking the funds from the bank but did so after questioning the bank on more than one occasion as to his rights to withdraw from the account. He further testified that when things went bad he talked with Alfred Furnari who told him that if he paid $500.00 towards the last month he was there that he, Alfred, would take over the lease and he would be released. He further testified that there was no discussion of any damages or claims for repair, etc. He further testified that the premises were as in as good repair as when he took them and that Alfred spent sizable sums after he left to upgrade and modernize the premises. In short, the court concludes that the defendant had every reason to assume that when he paid the $500.00 toward the final months rent he would have no further liability under the lease.
The bank, after paying off $4,300.00 to the landlord started calling the defendant in September 1991, some nine months after the premises were vacated. They paid off the claim under the escrow of $4,300.00 without ever asking Mr. Byers whether anything was owed, apparently because they assumed they were liable because of what they determined was an error made by them in paying the funds to Mr. Byers. Had the money been on deposit, the defendant would have been entitled to notice by the bank against any claim made against the escrow. Here, because of what the bank perceived as its own error it paid over the full amount claimed by the landlord without giving the defendant any notice and thereby abrogating his right to contest the claim, something it clearly had no right to do. For this reason and because the court finds that the plaintiff failed to establish any conversion under the facts found, the court finds for the defendant.
Judgment for the defendant. CT Page 4408
WILLIAM M. SHAUGHNESSY, JR. JUDGE, SUPERIOR COURT